# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

MARK DANIEL LEITNER,

                    Petitioner,

           -vs-

JAROD J. KOOPMAN,

                    Respondent.

DECISION & ORDER

09-MC-6033-CJS

## INTRODUCTION

**Siragusa, J.** Before the Court is Mark Daniel Leitner's ("Leitner") "Petition for Peremptory and Emergency *Writ of Mandamus*" filed on February 10, 2010. For the reasons stated below, the petition is denied.

## BACKGROUND

On January 21, 2010, the Court issued a Decision and Order denying Leitner's "Complaint at Law and Petition for a Premptory [sic] and Immediate Writ of Mandamus," filed on November 6, 2009 (Docket No. 1) and his "Notice and Demand for Default under Rule 55(a)," filed on December 11, 2009 (Docket No. 2) on the basis that he failed to show how the remedy provided by Congress in 5 U.S.C. § 552(a)(4)(B) was not an adequate remedy at law. The Court provided Leitner with leave to convert his miscellaneous action into a civil action and properly serve the United States as required by Federal Rule of Civil Procedure 4. In its prior decision, the Court set out the relevant facts, familiarity with which is presumed. Petitioner seeks, again, a *writ of mandamus*, this time citing the Supreme

Court case of *Ryder v. United States*, 515 U.S. 177 (1995), as well as the Freedom of Information Act, as authority for issuance of the writ.

In the concluding paragraph of the latest Petition, Leitner writes:

> CONCLUSION AND *RECTUM ROGARE*
>
> WHEREAS, the facts and the law contained herein are before this court; and; WHEREAS, the facts and the law contained herein are the Truth; and WHEREAS, we hold said Truths to be self evident; and, WHEREAS, self-evident Truths are undisputed and incontrovertible, no oral argument is requested or necessary, for no words can alter or overcome these Truths; and, WHEREAS, Truth is Sovereign: She comes from God and bears His message, from whatever quarter her great eyes may look down upon you; Psalms 117:2; John 8:32; II Corinthians. 13:8; THEREFORE; this court must perform its duty under the Rule of Law, do Justice, *Rectum Rogare*, and EITHER ISSUE THE GREAT WRIT OF MANDAMUS OR IN THE ALTERNATIVE VOID ALL ORDERS RELATING TO PETITIONER SPECIFICALLY OUT OF THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION (REF NO. 3:08-cr-0079-MCR), without delay for "Justice delayed is Justice denied." Rectum Rogare - "to do right; to petition the judge to do right." --Black's Law Dictionary 4th edition.[1]

(Pet. at 5.)

**STANDARDS OF LAW**

*Mandamus*

The Court's jurisdiction, as set out in 28 U.S.C. § 1361 provides that, "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner." 28 U.S.C. § 1361 (1962). It is well settled that mandamus is a drastic remedy to be used only in extraordinary circumstances. *Se Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d 555, 562

---

[1] The Court's search of Black's Law Dictionary, 8th ed., failed to find any mention of the term "rogare."

(2d Cir. 2005). The Second Circuit has established three prerequisites to the issuance of a writ of mandamus: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the [respondent] to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir.1989).

> It goes without saying that exhaustion of remedies is required in FOIA cases. As this court has recently had occasion to state in the clearest of language, "[e]xhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review." *Stebbins v. Nationwide Mutual Insurance Co.*, 757 F.2d 364 (D.C. Cir. 1984); *see also Crooker v. United States Secret Service*, 577 F. Supp. 1218, 1219 (D.D.C. 1983).

*Dettmann v. U.S. Dept. of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986).

> administrative remedies are "deemed exhausted" if the agency fails to comply with the "applicable time limit" provisions of the FOIA. 5 U.S.C. § 552(a)(6)(C); *see Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993). The time limit provision requires that a determination on a request be made within 10[2] days and that it include a notification of the requester's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i).

*Ruotolo v. Department of Justice, Tax Div.*, 53 F.3d 4, 8–9 (2d Cir. 1995).

***Service of Process***

Federal Rule of Civil Procedure 4 provides that service on an officer or employee of the United States sued individually "for an act or omission occurring in connection with duties performed on the United States' behalf" also requires that service be made on the United States. Fed. R. Civ. P. 4(i)(3). Service on the United States is accomplished as follows:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

---

[2] Pub.L. 104-231, § 8(b), substituted "20 days" for "ten days."

> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

## ANALYSIS

Petitioner has done nothing to correct the lack of proper service and has not shown in his latest application how the relief provided under the Freedom of Information Act ("FOIA") is inadequate. Consequently, the Court remains unconvinced that he is entitled to a *writ of mandamus*. The holding in *Ryder* is inapposite to the case at bar. There, the Supreme Court declined to apply the *de facto* officer doctrine in a situation concerning the proper appointment of a military appellate judge. The Court concluded,

> [w]e think that one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred. Any other rule would create a disincentive to raise Appointments Clause challenges with respect to questionable judicial appointments.

*Ryder*, 515 U.S. at 182–83. Leitner has failed to show how the officer whose appointment he is challenging has adjudicated any case involving Leitner. Respondent, who has not made an appearance in this litigation, is alleged to be a Internal Revenue Service agent who conducted a search of Leitner's "body on or about August 28, 2008." (Pet. ¶ 7.) Leitner demands to see Respondent's qualifications for his office, and has submitted a request under FOIA, but has not shown why he cannot avail himself of the remedy provided in the FOIA statute to obtain the information he seeks, nor has he shown how this Court has

jurisdiction over Respondent, allegedly an employee of the United States, since Leitner has failed to properly serve the United States.

## CONCLUSION

Petitioner's application for a writ of mandamus is denied. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the Order and Judgment of of this Court would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: February 22, 2010
　　　　Rochester, New York

　　　　　　　　ENTER:

　　　　　　　　　　　　　　/s/ Charles J. Siragusa
　　　　　　　　　　　　　　CHARLES J. SIRAGUSA
　　　　　　　　　　　　　　United States District Judge